UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Crim. No. 6:09-CR-00010-GFVT-HAI |
| V. | ) | |
| RODNEY BISHOP, | ) | **ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Hanly A. Ingram. [R. 533.] Defendant Rodney Bishop has been charged with three violations of his terms of supervised release. *Id.* at 3. This is his fourth revocation.

In November 2010, this Court entered judgment against Mr. Bishop for conspiracy to manufacture a mixture or substance containing methamphetamine, conspiracy to possess with intent to distribute a mixture or substance containing methamphetamine, and possession of pseudoephedrine to manufacture methamphetamine. [R. 342.] Mr. Bishop was sentenced to 70 months incarceration followed by three years of supervised release. *Id.* Mr. Bishop's initial term of supervised release began on March 6, 2014.

United States Magistrate Judge Hanly A. Ingram's Recommended Disposition more thoroughly sets out Mr. Bishop's history of supervised release revocations. [*See* R. 533.] In sum, Mr. Bishop has undergone revocation proceedings three times before, with each violation involving the use and/or possession of methamphetamine shortly after beginning a new period of supervised release. *Id.* Mr. Bishop's latest period of supervised release began on April 5, 2019.

Most recently, the United States Probation Office (USPO) issued this fourth Supervised Release Violation Report ("the Report") on April 10, 2019. [R. 533 at 3.] The Report charges three violations. According to the Report, Mr. Bishop reported to the USPO office on April 9, 2019 following his release from prison on April 5. The Officer requested a urine specimen for drug testing. Mr. Bishop refused to stand where the Officer could properly observe while Bishop produced the specimen, and then the Officer noticed Mr. Bishop fiddling with an object. The office ordered Mr. Bishop to remove the object, which was revealed to be a plastic bottle containing what appeared to be urine. Caught in an attempt to falsify the drug test, Mr. Bishop admitted to using methamphetamine the night of April 5, 2019 and signed a Positive Urinalysis Admission Report.

Based on the foregoing, the Report charges three violations. Violation 1 is a violation of the condition requiring Mr. Bishop to refrain from unlawful use of a controlled substance. This is a Grade C violation. Violation 2 is a violation of the condition requiring Mr. Bishop not commit another federal, state, or local crime. The Sixth Circuit has held drug use is equivalent to possession. Therefore, due to Mr. Bishop's prior conviction and the Sixth Circuit's holding, "simple possession of methamphetamine constitutes conduct in violation of 21 U.S.C. § 844 (a), a Class E Felony." This is a Grade B violation. Finally, Violation 3 charges a violation of the condition requiring Mr. Bishop not obstruct or attempt to obstruct or tamper with the efficiency of any drug testing. Mr. Bishop violated this provision by attempting to avoid providing his own fresh urine. This is a Grade C violation.

On April 16, 2019 Mr. Bishop appeared before Magistrate Judge Ingram for his initial appearance pursuant to Rule 32.1. [R. 529.] Mr. Bishop knowingly, voluntarily, and intelligently waived his right to a preliminary hearing. *Id.* The United States made an oral

motion for detention, and Mr. Bishop argued for release. *Id.* Judge Ingram determined that detention was required. *Id.* On April 30, 2019, Judge Ingram held a final revocation hearing wherein Mr. Bishop knowingly, voluntarily, and intelligently stipulated to the violations alleged in the report. [R. 530.] Subsequently, Judge Ingram prepared a recommended disposition. [R. 533.]

As an initial matter, Judge Ingram noted that revocation is mandatory because Mr. Bishop was in possession of a controlled substance. 18 U.S.C. § 3583(g)(1). Mr. Bishop's admitted conduct qualifies as a Grade B violation with respect to the second violation, and a Grade C violation with respect to the first and third violations. [R. 533 at 3–4.] With his criminal history of IV and a Grade B[1] violation, Mr. Bishop's range under the Revocation Table is 12–18 months. *See* U.S.S.G. § 7B1.1(b). At the final hearing, the United States argued for revocation with the statutory maximum penalty of twenty-four months imprisonment, with no term of supervised release to follow. *Id.* at 6. In contrast, Mr. Bishop argued for revocation with a sentence of time served and no period of supervised release to follow. *Id.*

Noting that revocation was mandatory, Judge Ingram considered the relevant §§ 3553 and 3583 factors in order to determine an appropriate revocation term of imprisonment. Mr. Bishop's underlying offense is a conviction for conspiracy to distribute methamphetamine which is a significant crime. *Id.* Additionally, Judge Ingram noted that the underlying conspiracy involved weapons, threats, and the use of children as "lookouts." *Id.* at 8. Judge Ingram also considered the characteristics and history of the defendant. As previously stated, this is Mr. Bishop's fourth revocation proceeding. This and Mr. Bishop's previous revocations all stemmed

---

[1] *See* U.S.S.G. § 7B1.2(b) ("Where there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense, the grade of the violation is determined by the violation having the most serious grade.").

3

from his continued drug use. Methamphetamine is a dangerous drug, and Mr. Bishop's history suggests he will continue to use methamphetamine. Accordingly, there is a strong need to deter criminal conduct and protect the public. Judge Ingram considered the Court's responsibility to provide Mr. Bishop with education and resource to combat his drug addiction; however, Mr. Bishop has already benefited from both outpatient and inpatient drug treatment programs, and Judge Ingram found no reason to believe further treatment would be beneficial. *Id.* at 9.

Judge Ingram correctly noted that the primary wrong in the supervised release context is the violation of the Court's trust by the defendant. [R. 533 at 9.] Judge Ingram found Mr. Bishop's breach of trust to be significant; even though many supervisees suffer from drug addiction similar to Mr. Bishop, few cases accumulate four violations. Mr. Bishop's violation is aggravated by his attempt to falsify the urine test. Ultimately, Judge Ingram rejected Mr. Bishops request for time served, and recommended a sentence of twelve months and one day of incarceration, not be followed by supervised release. This is a within-guidelines sentence and below the statutory maximum that was requested by the United States. With this recommendation, Judge Ingram intended to "give [Mr. Bishop] some sort of hope, some light at the end of the tunnel." [R. 533 at 10.]

Pursuant to Rule 59(b) of the Federal Rules of Criminal Procedure, the Report and Recommendation advises the parties that objections must be filed within fourteen (14) days of service. *Id.* at 16; *see* 28 U.S.C. § 636(b)(1). No objections to Judge Ingram's Report and Recommendation were filed within the appropriate time by either party. Instead, Mr. Bishop has filed a waiver of allocution. [R. 534.]

Generally, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(c). But when no

4

objections are made, as in this case, the Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard." *See Thomas v. Arn*, 474 U.S. 140, 151 (1985). Parties who fail to object to a magistrate judge's report and recommendation are also barred from appealing a district court's order adopting that report and recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Nevertheless, the Court has examined the record and agrees with Judge Ingram's recommended disposition. Accordingly, it is hereby **ORDERED** as follows:

1. The Report and Recommendation [**R. 533**] as to Defendant Rodney Bishop is **ADOPTED** as and for the Opinion of the Court;

2. Mr. Bishop is found **GUILTY** of all violations;

3. Mr. Bishop's Supervised Release is **REVOKED;**

4. Mr. Bishop is hereby sentenced to a term of incarceration of **twelve (12) months and one day** with no term of supervised release to follow; and

5. Judgment shall enter promptly.

This the 10th day of June, 2019.

Gregory F. Van Tatenhove
United States District Judge